WEED and others *v.* DARLEY and PEALE.

Where assignees, under an assignment for the benefit of creditors, receive pro-
missory notes as part of the estate and collect and apply the avails in divi-
dend to creditors, they cannot be compelled to repay the amount, where it
turns out that the assignor held such notes as indemnity against his out-
standing endorsements and ought not to have assigned them as part of his
effects.

THE complainants obtained a judgment against John Pen-
dleton, John Hanna, Henry O'Brien, Alpheus De Forest and
James De Forest, on a promissory note for upwards of four
thousand dollars. John Pendleton had become endorser on
this note and others, at the request and for the benefit of Hanna,
De Forest and Co., who handed to Pendleton certain notes to
indemnify his endorsement. Pendleton failed, made an assign-
ment to the defendants, and, in such assignment, transferred
the notes so given to protect him against his endorsements, to
assignees, the defendants John Darley and Reubens Peale.

*Jan. 21,
1839.*

*Following
securities
wrongly
transferred
Promis-
sory note.
Assignee.
Liability to
refund.*

The complainants, having obtained a judgment on the note
endorsed by John Pendleton, and as holders of the other notes
bearing his endorsement and made for the accommodation of
Hanna, De Forest and Co., claimed to follow the indemnity
notes and the avails in the hands of the assignees. The latter
showed by their answer that they had collected on some of
the notes to the amount of nine hundred and seventy-four dol-
lars and had also distributed that sum amongst John Pendle-
ton's creditors prior to any notice. The principal question
was, as to the liability of the assignees to make good the nine
hundred and seventy-four dollars. The cause was heard on
bill and answer.

Mr. *E. Griffin,* for complainant.

Mr. *O. Bushnell,* for the defendants.

1839.

BROWN
*v.*
MORGAN.

*July 1st.*

THE VICE-CHANCELLOR :—It is but an equitable title or a right in equity which the complainants set up to have the benefit of the securities which Pendleton held for his own protection, as endorser of the notes, which became the property of the complainants. They could follow those securities or the proceeds into the hands of third persons who had not given value for them whenever they could be found ; but third persons receiving and parting with these securities or proceeds in good faith and without notice of the equitable claim or right of the complainants cannot afterwards be made liable to them. The defendants, as assignees of Pendleton, acted in good faith in receiving the notes assigned and collecting the money upon them, and having paid over or distributed among Pendleton's creditors the sum of nine hundred and seventy-four dollars, before they had any notice of the complainant's equitable claim, are now, in equity and justice, to be protected against a second payment. The principle is fairly stated in *Haggerty* v. *Palmer*, 6 J. C. R. 438, where the Chancellor observes, if the money had been actually appropriated by the assignees before notice of the suit, and of the injunction, the remedy would have been gone. The remedy for this money is gone as respects these defendants ; and the complainants' bill must be dismissed, with costs.